The Honorable Robert S. Lasnik

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9

10  JOHN T. GOHRANSON, individually, and as
    Personal Representative of the ESTATE OF        Case No. C16-01124-RSL
11  LINDSAY M. KRONBERGER,
                                                    [PROPOSED] STIPULATED
12              Plaintiff,                           PROTECTIVE ORDER

13      v.                                          **NOTE ON MOTION CALENDAR:**
                                                    **MAY 23, 2017**
14  SNOHOMISH COUNTY, a Municipal
15  Corporation in the State of Washington;
    ROBERT TRENARY; STUART ANDREWS,
16  M.D.; DAN MILLER; ELAINE GRAVATT;
    GREGORY HARDY; SHERRISE HOLLAND;
17  LAUREN KOOIMAN; JEAN LEIGHT;
    BETTY LUSK; JOY MAINE; LINET NGETE;
18  ANDREW FLETCHER; RACHELLE ROSE;
19  SHANE STEVIE; ROBIN OTTO; ROXANNE
    MARLER, AND JOHN AND JANE DOES 1-
20  10; and MAXIM HEALTHCARE SERVICES,
21  INC. d/b/a MAXIM STAFFING SOLUTIONS,
    a Maryland Corporation, and CASCADE
22  HEALTHCARE SERVICES LLC, a
    Washington Limited Liability Corporation,
23
24              Defendants.

25

26                    **STIPULATED PROTECTIVE ORDER**

27
    [PROPOSED] STIPULATED PROTECTIVE ORDER - 1

    Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

1

## 1. PURPOSES AND LIMITATIONS

2

Discovery in this action is likely to involve production of confidential, proprietary, or

3

private information for which special protection may be warranted. Accordingly, the parties

4

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

5

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

6

7

protection on all disclosures or responses to discovery, the protection it affords from public

8

disclosure and use extends only to the limited information or items that are entitled to confidential

9

treatment under the applicable legal principles, and it does not presumptively entitle parties to file

10

confidential information under seal.

11

## 2. "CONFIDENTIAL" MATERIAL

12

"Confidential" material shall include the following documents and tangible things

13

14

produced or otherwise exchanged:

15

    a.  All Snohomish County Jail employee or personnel records; records of this nature may

16

        contain medical and/or psychological records, home addresses, personal telephone

17

        numbers, social security information, date of birth, or any other personal information.

18

    b.  Snohomish County Jail inmate records; records of this nature may contain medical

19

20

        and/or psychological records, social security information, date of birth, photographs,

21

        or any other private or confidential information. This includes, but is not limited to,

22

        healthcare records and Protected Health Information (PHI) related to inmates

23

        incarcerated in the Snohomish County Jail which is protected from disclosure pursuant

24

        to 45 CFR §164.12(e), RCW 70.02.060 and RCW 70.48.100.

25

26

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 2

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

c. The parties intend for this Order to comply with the requirements of RCW 70.48.100(c) that allows confidential inmate records to be made available "for use in court proceedings upon the written order of the court in which the proceedings are conducted."

d. Ongoing investigation files; files of this nature may contain confidential medical records or may not yet be complete.

e. Autopsy/Cause of death information or reports.

f. All independent nursing agency employee or personnel records; records of this nature may contain medical and/or psychological records, home addresses, personal telephone numbers, social security information, date of birth, or any other personal information.

g. Any other information to be requested in discovery that has an equivalent need for protection from disclosure as this items identified in subparagraphs 2(a) through (f).

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

[PROPOSED] STIPULATED PROTECTIVE ORDER - 3

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

4.1.   <u>Basic Principles.</u> A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons identified and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)   the court, court personnel, and court reporters and their staff;

e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3.    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

[PROPOSED] STIPULATED PROTECTIVE ORDER - 5

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a)     <u>Information in documentary form:</u> (e.g., paper or electronic documents and deposition exhibits, but excluding entire transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by marking appropriate markings in the margins).

b)     <u>Testimony given in deposition or other pretrial ~~or trial~~ proceedings:</u> the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

[PROPOSED] STIPULATED PROTECTIVE ORDER - 6

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIAL DESIGNATIONS

6.1.   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification

[PROPOSED] STIPULATED PROTECTIVE ORDER - 7

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

1    must list the date, manner, and participants to the conference. A good faith effort to confer requires

2    a face-to-face meeting or a telephone conference.

3        6.3.    Judicial Intervention. If the parties cannot resolve a challenge without court

4    intervention, the designating party may file and serve a motion to retain confidentiality under

5    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

6
7    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

8    made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

9    other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

10   the material in question as confidential until the court rules on the challenge.

11
12   7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
     LITIGATION

13       If a party is served with a subpoena or a court order issued in other litigation that compels

14   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

15   must:

16
17       a)    promptly notify the designating party in writing and include a copy of the

18   subpoena or court order;

19       b)    promptly notify in writing the party who caused the subpoena or order to

20   issue in the other litigation that some or all of the material covered by the subpoena or order is

21   subject to this agreement. Such notification shall include a copy of this agreement; and

22
23       c)    cooperate with respect to all reasonable procedures sought to be pursued

24   by the designating party whose confidential material may be affected.

25   8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26

27

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

1    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

2  material to any person or in any circumstance not authorized under this agreement, the receiving

3  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

4  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

5  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

6

7  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

8  Bound" that is attached hereto as Exhibit A.

9    9.  INADVERTENT PRODUCTION OR PRIVILEGED OR OTHERWISE PROTECTED
     MATERIAL
10

11    When a producing party gives notice to receiving parties that certain inadvertently

12  produced material is subject to a claim of privilege or other protection, the obligations of the

13  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

14  is not intended to modify whatever procedure may be established in an e-discovery order or

15  agreement that provides for production without prior privilege review. Parties shall confer on an

16

17  appropriate non-waiver order under Fed. R. Evid. 502.

18    10. NON TERMINATION AND RETURN OF DOCUMENTS

19    Within sixty (60) days after the termination of this action, including all appeals, each

20  receiving party must return all confidential material to the producing party, including all copies,

21  extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods

22

23  of destruction.

24    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

25  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

26

27  [PROPOSED] STIPULATED PROTECTIVE ORDER - 9

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

1    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

2    work product, even if such materials contain confidential material.

3        The confidentiality obligations imposed by this agreement shall remain in effect until a

4    designating party agrees otherwise in writing or a court orders otherwise.

5

6

7

8        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9    Dated this ____ day of April, 2017.          Dated this ____ day of April, 2017.

10

11   Kenneth E. Brewe, WSBA No. 9220          W. Mitchell Cogdill, WSBA No. 1950
     Karen D. Moore, WSBA No. 21328           Todd C. Nichols, WSBA No. 15366
12   Brewe Layman P.S.                        Mark P. Giuliano, WSBA No. 49871
     3525 Colby Avenue, Suite 333             Cogdill Nichols Rein Wartelle Andrews
13   P.O. Box 488                             3232 Rockefeller Ave.
     Everett, WA 98206-0488                   Everett, WA 98201-4317
14   T: (425) 252-5167 / F: (425) 252-9055    T: (425) 259-6111 / F: (425) 259-6435
15   kennethb@brewelaw.com                    wmc@cnrlaw.com
     karenm@brewelaw.com                      toddn@cnrlaw.com
16   *Attorneys for Plaintiff*                mgiuliano@cnrlaw.com
                                              *Attorneys for Plaintiff*
17                                            Dated this 23rd day of May, 2017.

18

19                                            Katherine Bosch, WSBA No. 43122
                                              Mikolaj T. Tempski, WSBA No. 42896
20                                            Joseph G. Genster, WSBA No. 14968
21                                            Deputy Prosecuting Attorneys
                                              Attorneys for Defendant Snohomish County
22                                            Snohomish County Prosecuting Attorney's
                                              Office – Civil Division
23                                            3000 Rockefeller Ave., M/S 504
24                                            Everett, Washington  98201
                                              T: (425) 388-6330 / F:  (425) 388-6333
25                                            kbosch@snoco.org
                                              mtempski@snoco.org
26                                            jgenster@snoco.org

27
     [PROPOSED] STIPULATED PROTECTIVE ORDER - 10

     Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

1   Within sixty (60) days after the termination of this action, including all appeals, each

2   receiving party must return all confidential material to the producing party, including all copies,

3   extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods

4   of destruction.

5       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

6   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

7   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

8

9   work product, even if such materials contain confidential material.

10      The confidentiality obligations imposed by this agreement shall remain in effect until a

11  designating party agrees otherwise in writing or a court orders otherwise.

12

13

14

15      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16  Dated this __16__ day of April, 2017.              Dated this __15__ day of April, May 2017.

17

18  Kenneth E. Brewe, WSBA No. 9220                    W. Mitchell Cogdill, WSBA No. 1950
    Karen D. Moore, WSBA No. 21328                     Todd C. Nichols, WSBA No. 15366
19  Brewe Layman P.S.                                  Mark P. Giuliano, WSBA No. 49871
20  3525 Colby Avenue, Suite 333                       Cogdill Nichols Rein Wartelle Andrews
    P.O. Box 488                                       3232 Rockefeller Ave.
21  Everett, WA 98206-0488                             Everett, WA 98201-4317
    T: (425) 252-5167 / F: (425) 252-9055              T: (425) 259-6111 / F: (425) 259-6435
22  kennethb@brewelaw.com                              wmc@cnrlaw.com
    karenm@brewelaw.com                                toddn@cnrlaw.com
23  *Attorneys for Plaintiff*                          mgiuliano@cnrlaw.com
24                                                     *Attorneys for Plaintiff*
                                                       Dated this ____ day of April, 2017.
25

26                                                     _____
                                                       Katherine Bosch, WSBA No. 43122
27
    [PROPOSED] STIPULATED PROTECTIVE ORDER - 10           SNOHOMISH COUNTY
                                                    PROSECUTING ATTORNEY - CIVIL DIVISION
                                                    Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504
    Case No. C16-01124-RSL                               3000 Rockefeller Ave
                                                    EVERETT, WASHINGTON 98201-4060
                                                     (425)388-6330/FAX: (425)388-6333

Mikolaj T. Tempski, WSBA No. 42896
Joseph G. Genster, WSBA No. 14968
Deputy Prosecuting Attorneys
Attorneys for Defendant Snohomish County
Snohomish County Prosecuting Attorney's
Office – Civil Division
3000 Rockefeller Ave., M/S 504
Everett, Washington 98201
T: (425) 388-6330 / F:  (425) 388-6333
kbosch@snoco.org
mtempski@snoco.org
jgenster@snoco.org
Attorneys for Defendants Snohomish County,
Robert Trenary, Stuart Andrews, M.D.,
Lauren Kooiman, Jean Leight, Betty Lusk,
Joy Maine, Andrew Fletcher, Rachelle Rose,
Robin Otto, Roxanne Marler, and Dan Miller

Robert D. Lee
William H. Walsh
Cozen O'Connor
999 Third Avenue, Suite 1900
Seattle, WA  98104
(206) 340-1000
rlee@cozen.com
wwalsh@cozen.com
Attorneys for Defendants Gregory Hardy,
Sherrise Holland, and Maxim Healthcare
Services, Inc.

David W. Silke
Patrick T. Jordan
701 5th Avenue, Suite 2100
Seattle, WA  98104
(206) 695-5100
(206) 689-2822

[PROPOSED] STIPULATED PROTECTIVE ORDER - 11

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this **24** day of **May**_____, 2017.

_____

The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 12

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full

name], of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of Washington

on _____ [date] in the case of *John T. Gohranson, et al., v. Snohomish County*, et al.,

Western District of Washington, Cause No. C16-01124-RSL. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER - 13

Case No. C16-01124-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333