UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN T. GOHRANSON, *et al.*,

Plaintiffs,

v.

SNOHOMISH COUNTY, *et al.*,

Defendants.

NO. C16-1124RSL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON WRONGFUL DEATH AND SURVIVAL CLAIMS

This matter comes before the Court on the "Snohomish County Defendants' Motion for Summary Judgment on Plaintiff John Gohranson's Wrongful Death[] and Survival Claims." Dkt. # 74. Mr. Gohranson is the widower and personal representative of decedent Lindsay M. Kronberger. He has asserted claims arising out of Ms. Kronberger death while she was in the Snohomish County Jail and seeks damages under Washington's wrongful death and special survivor statutes. Defendants assert that the marriage was defunct at the time of Ms. Kronberger's death, such that Mr. Gohranson is not a first-tier beneficiary under Washington law and may not assert wrongful death or survival claims.[1]

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

---

[1] Defendants are not challenging Mr. Gohranson's ability to pursue claims on behalf of the estate for economic losses under state law or for Ms. Kronberger's pre-death pain and suffering under federal law.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT ON WRONGFUL DEATH
AND SURVIVAL CLAIMS - 1

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[2] and taking the evidence in the light most favorable to Mr. Gohranson, the Court finds as follows:

Ms. Kronberger and Mr. Gohranson began dating in high school and married two and a half years after graduation while he was stationed in Virginia with the United States Navy. They

---

[2] The Court has considered Ms. Kronberger's Facebook messages to Lori Bush, Mr. Gohranson's mother, as admissions of a party opponent. The Court also assumes, for purposes of this motion, that Ms. Bush informed Mr. Gohranson that Ms. Kronberger was not only using, but also selling drugs, prior to her death.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT ON WRONGFUL DEATH
AND SURVIVAL CLAIMS - 2

did not have a firm or fixed plan to cohabitate. At the time, Ms. Kronberger was living with her father and taking classes at Everett Community College, and Mr. Gohranson was subject to frequent and lengthy deployments. The long-distance relationship floundered: the couple saw and spoke with each other very infrequently, Mr. Gohranson had an affair a year after they married, Ms. Kronberger was upset and jealous whenever Mr. Gohranson remarked on or complimented another woman on social media, and Ms. Kronberger's descent into opiod addiction threatened both the relationship and Mr. Gohranson's military career. At various points (both before and after the marriage), Ms. Kronberger, Mr. Gohranson's mother, and possibly even Mr. Gohranson came to the conclusion that the relationship was at an end or was not likely to work out. Ms. Bush, who paid Mr. Gohranson's and Ms. Kronberger's cell phone bill while he was deployed and took the brunt of Ms. Kronberger's increasingly erratic and agitated behavior, expressed a wish that Ms. Kronberger would get out of her son's life.

Mr. Gohranson last saw Ms. Kronberger on a March 2012 visit to Washington. He was at sea for much of 2013, but acknowledges that there were opportunities for him to visit Ms. Kronberger had he made an effort. He explained, "we were kind of like magnets. We would go - if we went apart, you couldn't feel the connection. But as soon as we were any slight of chance of close together again [sic], we would come back together." Moore Decl., Ex. A at 290:14-19. Their conversations throughout this time period generally focused on problems with the cell phone connection. By the time Mr. Gohranson returned to Washington after Christmas in 2013, he knew that Ms. Kronberger was addicted to opiods and was living with another man. Whether this arrangement was romantic or drug-related was unclear to either Mr. Gohranson or Ms. Kronberger's father, but Mr. Gohranson made no effort to intervene or contact Ms. Kronberger. Ms. Kronberger died in January 2014.

Under Washington law, whether an estranged spouse qualifies as a statutory beneficiary under the wrongful death and special survival statutes depends on whether the marriage is "defunct." Parrish v. Jones, 44 Wn. App. 449, 456 (1986).

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT ON WRONGFUL DEATH
AND SURVIVAL CLAIMS - 3

> A defunct marriage exists where it can be determined that the spouses, by their conduct, indicate that they no longer have a will to union. Physical separation, by itself, does not negate the existence of the community. The test is whether the parties through their actions have exhibited a decision to renounce the community with no intention of ever resuming the marital relationship. Although previous cases in which a defunct marriage was found involved a long separation following entry of an interlocutory divorce decree or execution of a written separation agreement, . . . we are satisfied that so long as the actions of the parties evidence an intent to renounce the marriage, no such formal action is necessary.

Id., at 456-57 (internal quotation marks and citations omitted). A reasonable jury could, taking the evidence in the light most favorable to Mr. Gohranson, conclude that the marriage was not "defunct" under Washington law. The jury could reasonably infer that neither Mr. Gohranson nor Ms. Kronberger had finally resolved to end their marriage before she died, much less informed the other of that resolution or taken any concrete steps to make it happen. While the situation looked bleak in December 2013 and the couple did not, by any stretch of the imagination, have a storybook marriage, they had weathered a number of low points in their seven year relationship and had continued on as a married couple. Whether the marriage was defunct will have to be determined by the jury.

Defendants interpret the underlying facts regarding Mr. Gohranson's relationship with Ms. Kronberger very differently. Defendants conclude that the marriage was simply a means for Mr. Gohranson to obtain additional spousal and family benefits from the military. A will to be a couple played no part or, if it did, it withered at some unspecified point along the rocky path between the wedding and Ms. Kronberger's death. In defendants' view, the couple's lack of personal interaction after March 2012, Ms. Kronberger's threatening and expletive-filled messages to Ms. Bush and her occasional renunciations of the marriage, Mr. Gohranson's payment of $350/month to Ms. Kronberger after she threatened to report him to the Navy, and his acquiescence in her relationship with another man showed the lack of any will to union in the future. Certainly a reasonable jury could agree with defendants' interpretation of the undisputed

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT ON WRONGFUL DEATH
AND SURVIVAL CLAIMS - 4

events: it is not the only reasonable conclusion, however.

Defendants, recognizing that Mr. Gohranson's declaration offers alternative explanations for events and creates a dispute regarding the couple's intentions, ask that the Court reject the declaration because it is self-serving, uncorroborated, and "factually untenable." Reply at 7. The fact that a declaration is self-serving does not justify the exclusion of one side's declaration, much less the adoption of the other side's interpretation of events. Declarations will often be self-serving – "otherwise there would be no point in [a party] submitting [them]." U.S. v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999). Unless a declaration states only conclusions or facts not within the personal knowledge of the declarant, the self-serving nature of an affidavit goes to its credibility, not to its admissibility. SEC v. Phan, 500 F.3d 895, 909 (9th Cir. 2007). See also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054 (9th Cir. 2002) (declaration provided no indication that the declarant knew her uncorroborated factual assertions were true and was therefore disregarded). The Court will not make credibility judgments in the context of a Rule 56 motion. To the extent Mr. Gohranson's statements are subject to contradiction, they may be tested through cross examination (and defendants will be given wide latitude in such cross examinations at trial).

For all of the foregoing reasons, the Snohomish County defendants' motion for summary judgment on Mr. Gohranson's wrongful death and special survival statute claims is DENIED.

Dated this 12th day of June, 2018.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT ON WRONGFUL DEATH
AND SURVIVAL CLAIMS - 5